**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE,      )
                       )
      v.            )      I.D. No. 9803018202B
                       )      I.D. No. 9803018202A
DAVID M. WILLIAMS,      )
                       )
      Defendant.      )
                       )
                       )

Submitted:    December 9, 2014 and amended on February 26, 2015
Decided:      March 26, 2015

**MEMORANDUM OPINION AND ORDER**

**DAVIS, J.**

1.      On or about April 29, 1998, a Delaware grand jury indicted David M. Williams on a number of charges. Prior to trial, the Court severed certain charges, creating case I.D. No. 9803018202A and I.D. No. 9803018202B.

2.      In I.D. No. 9803018202B, a jury found David M. Williams guilty of Attempted Burglary Second Degree, Possession of Burglary Tools and Criminal Mischief Less Than $1000 on August 24, 1999. The Court declared, under 11 Del. C. § 4214(a), Mr. Williams a habitual offender and sentenced Mr. Williams on October 8, 1999. The Supreme Court of Delaware affirmed Mr. Williams' conviction on May 30, 2000.

3.      Mr. Williams pled guilty to two charges in connection with I.D. No. 9803018202A. Mr. Williams pled guilty to Forgery Second and Attempted Escape. The Court sentenced Mr. Williams on these two charges on October 8, 1999.

4.      Since being sentenced on October 8, 1999, Mr. Williams has previously filed nine motions for postconviction relief under Superior Court Criminal Rule 61. The Court denied the

ninth motion for postconviction relief on December 11, 2013. Most recently, on December 9, 2014, Mr. Williams filed his tenth Superior Court Criminal Rule 61 motion (as amended on February 26, 2015, the "Tenth Motion").[1]

5. The relief requested in Tenth Motion is not entirely clear, however, Mr. Williams seems to contend he is entitled to postconviction relief for the following four reasons: (1) on I.D. No. 9803018202B, there is actual innocence based on newly discovered evidence; (2) on I.D. No. 9803018202B, Mr. Williams, who voluntarily went *pro se* to represent himself at trial, did not have enough time to prepare for trial; and, (3) on I.D. No. 9803018202B, the prosecutor stated at sentencing that Mr. Williams faced two potential life sentences under 11 *Del. C.* § 4214(a) when, according to Mr. Williams, the actual sentence under 11 *Del. C.* § 4214(a) could not have exceeded 16 years; and (4) on I.D. No. 9803018202A, Mr. Williams should be able to withdraw his guilty plea because the Court went outside the sentencing guidelines when sentencing Mr. Williams.

6. Superior Court Criminal Rule 61 governs motions for postconviction remedy. Before addressing the substantive merits of any claim for postconviction relief, the Court must determine whether the defendant has satisfied the procedural requirements of Superior Court Criminal Rule 61 ("Rule 61").[2] Rule 61(i) pertains to bars to relief. Under Rule 61(i)(1), "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final."[3] Under Rule 61(i)(2) any ground not asserted in a prior postconviction proceeding is barred "unless consideration of the claim is warranted in the interest of justice."[4]

---

[1] Mr. Williams submitted prior applications for postconviction relief on June 20, 2000, November 6, 2000, January 28, 2002, June 17, 2005, February 2, 2006, September 2, 2008, December 17, 2009, July 11, 2012 and October 9, 2013.

[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990). *See also Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *State v. Mayfield,* 2003 WL 21267422, at *2 (Del. Super. Ct. June 2, 2003).

[3] Del. Super. Crim. R. 61(i)(1).

[4] *Id.* R. 61(i)(2).

A defect under Rule 61(i)(1) or (2) will not bar a movant's "claim that the court lacked jurisdiction or . . . a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity, or fairness of the proceedings leading to the judgment of conviction."[5]

7. Mr. Williams' Tenth Motion is procedurally barred as untimely under Rule 61(i)(1), as it was filed more than one year – here over 14 years – after his conviction became final. The Court has reviewed the Tenth Motion, the arguments made by Mr. Williams and has determined that no newly recognized rights could overcome the time limitation of Rule 61(i)(1).

8. Briefly, the Court sentencing outside the sentencing guidelines does not make a sentence illegal,[6] and the TIS guideline signed by Mr. Williams clearly states that no one promised him what the Court's sentence would be. Moreover, the Court could possibly impose a sentence of up to life imprisonment on any sentence under 11 *Del. C.* § 4214(a).[7]

9. Finally, Mr. Williams' actual innocence argument is implausible and too conclusory to support relief here. Mr. Williams claims that the DNA evidence taken from him does not match DNA evidence at the scene. Mr. Williams then claims that he was "cleared by DNA Evidence." First, DNA evidence known about and available prior to trial is not newly discovered evidence supporting an actual innocence claim.[8] Second, the case against Mr. Williams in I.D. No. 9803018202B did not rely entirely on DNA evidence. Without more than

---

[5] *Id.* R. 61(i)(5).

[6] *See, e.g., Smith v. State*, 812 A.2d 900 (table), 2002 WL 31795960, at *2 (Del. 2002)(merely because a sentence exceeds TIS guidelines does not make the sentence illegal as the guidelines are voluntary and non-binding); *see also Wilson v. State*, 900 A.2d 102 (table), 2006 WL 1291369, at *3 (Del. 2006)(claim that trial court improperly exceeded sentencing guidelines is not cognizable relief under Rule 61).

[7] 11 *Del. C.* § 4214(a) expressly provides "…the court…in imposing sentence, may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted."

[8] *See State v. Brown*, I.D. No. 0805020294, 2010 WL 8250799, at *3 (Del. Super. Apr. 14, 2010)(denying argument of actual innocence based on newly discovered evidence when defendant knew of the evidence prior to entering plea).

Mr. Williams' unsupported statements regarding DNA evidence, the Court finds Mr. Williams' argument too implausible to support a claim of actual innocence.

10. The Tenth Motion is also procedurally barred by Rule 61(i)(2) as a repetitive motion. Mr. Williams has filed numerous Criminal Rule 61 motions and never raised the grounds for relief asserted in the Tenth Motion as required under Rule 61(b)(2).

11. The Tenth Motion is **SUMMARILY DISMISSED**, as it plainly appears from the Motion and the record that Mr. Williams is not entitled relief.

 **IT IS SO ORDERED.**

/s/ *Eric M. Davis*

Eric M. Davis
Judge
